IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01078-CMA-MJW

BROOKING WEAVER,

    Plaintiff,

v.

LIGHTHOUSE RECOVERY ASSOCIATES, LLC,
a Colorado limited liability company,

    Defendant.

---

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees (Doc. # 18). For the following reasons, Plaintiff's Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiff filed a Complaint on April 23, 2013, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* On June 21, 2013, the Court entered judgment against Defendant in the amount of $1,502.00, plus Plaintiff's reasonable attorney fees and costs. (Doc. # 15)

Plaintiff filed the instant motion on July 5, 2013, requesting attorney fees in the amount of $2,500.00, at a rate of $250 per hour for ten hours of work (Doc. # 18). Defendant did not file a response, and Plaintiff informs this Court that he was not able to obtain Defendant's position on the motion. (*Id.* at 9)

## II. **DISCUSSION**

The starting point for calculating reasonable attorney fees is determining the "lodestar amount"— *i.e.*, a reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir.1996). The lodestar "may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010).

A reasonable hourly rate is "the prevailing market rate in the relevant community." *Malloy*, 73 F.3d at 1018. Counsel expends hours reasonably when he exercises the same "billing judgment" as would be appropriate in billing his own client. *Hensley*, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (quotation marks, citation, and emphasis omitted). Counsel should "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id*. Further, the party requesting fees has the burden of persuading the court that the hourly rate and the hours expended are both reasonable. *Malloy*, 73 F.3d at 1018.

**A. HOURLY RATE**

Plaintiff's attorney requests an hourly rate of $250.00. (Doc. # 12 at 6.) This Court has frequently found this to be the reasonable hourly rate for the type and caliber

of work produced by Plaintiff's attorney.  *See Johnson v. Leading Edge Recovery Solutions*, L.L.C., No. 12-CV-03103-CMA-CBS, 2013 WL 674057 (D. Colo. Feb. 22, 2013); *Stauffer v. NCC Bus. Servs., Inc.*, No. 13-CV-00243-PAB-KLM, 2013 WL 2444827 (D. Colo. June 5, 2013) (collecting authorities).  And this Court finds the rate to be reasonable here.

**B.     REASONABLENESS OF HOURS EXPENDED**

Plaintiff's attorney also claims he expended 13.8 hours of work in this case, but has reduced his fee request by 3.8 hours.  (Doc. # 12 at 6.)  He requests payment for only 10 hours of work.

Upon review of Plaintiff's attorney's time entries (Doc. # 18-1), the Court finds that even ten hours was an excessive amount of time to spend on this case.  First, given the extremely high number of similar cases this attorney handles and the cookie-cutter quality to many of his court pleadings, this Court does not find it reasonable that the drafting of the summons and complaint in this case should have taken plaintiff's attorney two hours or that a review of financial reports and related documents should still take this attorney three hours.

Second, plaintiff's counsel has previously been admonished by this Court that administrative tasks or secretarial work should not be billed at an attorney's hourly rate. *See, e.g.*, *Miracle Gash v. Client Servs., Inc.*, No. 12–cv–01426–LTB–MJW, 2013 WL 1130717, at *3 (D. Colo. March 18, 2013) (finding 0.5 hours, which "mostly . . . relate to the e-filing [of] court document" were "clerical or administrative tasks" and "not billable

at the lawyer's hourly rate"); *Castro v. First Nat. Collection Bureau, Inc.*, No. 11-CV-02298-REB-KMT, 2012 WL 4468318, at *2 (D. Colo. Sept. 27, 2012) (finding that "at least 1.5 hours worth of charges [were] associated with secretarial and administrative tasks"). Nevertheless, in this case, Plaintiff's counsel continues to bill such tasks as "transcribing" recordings and drafting civil cover sheets at an attorney's hourly rate. (Doc. 18-1 at 2) The Court estimates that such administrative tasks add up to about 2.5 hours of "attorney" work.

Third, the Court notes that Plaintiff's counsel bills one-tenth of an hour for reviewing every document filed on CM/ECF, including short minute entries or unopposed motions. In this case, Plaintiff's attorney alleges that such tasks constitute about an hour's worth of work, yet this Court has reviewed the **entire** docket for this case is considerably less time.

Upon review of Plaintiff's attorney's time entries (Doc. # 18-1) and supporting affidavits (Doc. ## 18-2, 18-3), the Court finds that **eight** hours were reasonably expended on this case. *See Fox v. Vice*, 131 S.Ct. 2205, 2217 (2011) ( "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."). Plaintiff's counsel is instructed to cease charging for administrative tasks at the attorney's hourly rate and to cease overcompensating himself for tasks that clearly require less time to complete.

## III. CONCLUSION

For the reasons stated above, the lodestar amount is $2,000 (8 hours times $250/hour).  Accordingly, Plaintiff's Motion for Attorney's Fees (Doc. # 18) is GRANTED IN PART and DENIED IN PART.

It is FURTHER ORDERED that Plaintiff shall be awarded attorneys' fees in the amount of $2,000.00.

DATED:  November   19  , 2013

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge